UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                    Case No. 3:22-cr-23-BJD-PDB

RYAN WANNEMACHER,
    Defendant.
                                                    /

## UNOPPOSED MOTION TO CONTINUE PRETRIAL MOTIONS DEADLINES AND TRIAL DATE

Defendant Ryan Wannemacher respectfully requests that the Court continue the pretrial motions deadlines and trial date in its standing order, Doc. 36, until dates to be determined by the Court at either: (1) the status conference scheduled for April 18, 2022, at 3:30 p.m.; or (2) a status conference scheduled by the Court for any earlier date. For the reasons explained below, this motion should be granted.

### Procedural Background

On March 2, 2022, the grand jury returned a two-count indictment against Aaron Zahn and Mr. Wannemacher related to their prior employment as Chief Executive Officer and Chief Financial Officer, respectively, of the Jacksonville Electric Authority (JEA). Doc. 1. The government alleges in its 30-page indictment that between March and November 2019, Mr. Zahn and Mr. Wannemacher

conspired to engage in and executed a scheme to defraud involving JEA's administration. *Id.*

In mid-December 2019, after disclosure of the matters at issue in the indictment, the City of Jacksonville desired to terminate Mr. Zahn from his senior leadership position at JEA with "cause." The City's attorneys admitted to not having such "cause" as of December 17, 2019. In its quest to develop a factual basis for Mr. Zahn's termination with "cause," the City decided in late December 2019 and early January 2020 to grant immunity to Mr. Zahn, Mr. Wannemacher, and numerous other JEA employees in exchange for their compelled testimony. *Cf. Garrity v. New Jersey*, 385 U.S. 493 (1967). The federal government, and specifically the United States Attorney's Office, is bound by that decision. It cannot use Mr. Wannemacher's immunized testimony against him (or Mr. Zahn's immunized testimony against Mr. Zahn) in criminal proceedings such as this. *See United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016); *United States v. Vangates*, 287 F.3d 1315, 1320 (11th Cir. 2002); *In re Federal Grand Jury Proceedings*, 975 F.2d 1488, 1490 (11th Cir. 1992). The City posted Mr. Wannemacher's immunized testimony on the internet shortly after it was taken in January, 2020, where it has been continuously available to the general public, including the prosecution team, witnesses before the grand jury, any additional witnesses the government might elect to call at a trial, attorneys retained by the City (who at times incorporated Mr.

Wannemacher's immunized testimony into their questioning of witnesses), and members of the press (who have repeatedly published excerpts of Mr. Wannemacher's immunized testimony in Jacksonville television, print, and internet media).

Mr. Wannemacher's initial appearance and arraignment on the indictment took place on March 8, 2022.  Doc. 28.  On the same day, the Court entered a standing order requiring him to file all discovery motions within two weeks (by March 22, 2022) and all dipositive and non-discovery motions within four weeks (by April 5, 2022).  Doc. 36 at 1.  Mr. Wannemacher's trial is scheduled to commence on May 2, 2022.  *Id.*

## Argument

The Court may extend a party's deadline to comply with a scheduling order when the party shows good cause for doing so before the original deadline expires. Fed. R. Crim. P. 45(b).  Good cause is shown when a deadline "cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  And under the Speedy Trial Act, 18 U.S.C. § 3161, "a district court may grant a continuance of the trial date when the 'ends of justice' support the continuance." *United States v. Ammar*, 842 F.2d 1203, 1206 (11th Cir. 2016) (quoting 18 U.S.C. § 3161(h)(7)(A)).

Good cause exists to continue the pretrial deadlines in the Court's standing order, and the ends of justice support continuing the trial date. In light of the public dissemination of Mr. Wannemacher's compelled testimony, this case raises a panoply of legal issues like those addressed in *United States v. North*, 920 F.2d 940 (D.C. Cir. 1990), and *United States v. Slatten*, 865 F.3d 767 (D.C. Cir. 2017). Mr. Wannemacher anticipates the filing of pretrial motions to challenge the dissemination and possible use of his immunized testimony, including: (1) a motion to dismiss the indictment or, alternatively, for a *Kastigar* hearing; (2) a motion for production or *in camera* review of grand jury materials; and (3) a motion to disqualify the prosecution team. Moreover, Mr. Wannemacher will move to sever his trial from Mr. Zahn's because a critical part of Mr. Wannemacher's defense will require the introduction of Mr. Zahn's immunized testimony. Fed. R. Crim. P. 14. Counsel needs more time to research these issues and prepare motions that will aid the Court in reaching a proper resolution of them. And Mr. Wannemacher would like the opportunity to address with the Court: (1) how to best sequence the filing of the above-mentioned pretrial motions, as well as any motion for change of venue pursuant to Federal Rule of Criminal Procedure 21; and (2) whether the current prosecution team may litigate Mr. Wannemacher's motions pertaining to the use and dissemination of his immunized testimony.

Also, the parties have only begun to engage in discovery pursuant to Federal Rule of Criminal Procedure 16. The government stated at Mr. Wannemacher's initial appearance that it requested Mr. Wannemacher provide a one terabyte hard drive for its initial discovery production. Mr. Wannemacher has sent the requested initial hard drive to the government with a prepaid return shipping label and will presumably receive the initial discovery production soon. The government has advised that this initial production does not include any of the "electronic devices" produced by JEA. The government has not yet disclosed the volume of those materials, but it has stated that they will be made available in the near future. Counsel will need additional time to review the forthcoming voluminous production and prepare any necessary pretrial motions. *See Schwarz v. United States*, 828 F. App'x 628, 633-35 (11th Cir. 2020). Counsel will also require additional time to determine what, if anything, Mr. Wannemacher must produce to the government in response.

In light of the complexity of the allegations, the legal issues to be addressed, and the volume of discovery to be reviewed, an extension of the pretrial motions deadlines and trial date is necessary. Mr. Wannemacher respectfully requests that the Court convene the parties for a status conference at which they may craft a scheduling order that includes appropriate pretrial deadlines and a feasible trial

term.  This may be the status conference already scheduled for April 18, 2022, at

3:30 p.m. or one scheduled by the Court for any earlier date.

### Conclusion

For these reasons, Mr. Wannemacher's motion should be granted.  The

pretrial motions deadlines and trial setting in the Court's standing order should

be continued until dates to be determined by the Court at the next status

conference in this matter.

/s/ *James E. Felman*
James E. Felman
  Florida Bar No. 0775568
Katherine Earle Yanes
  Florida Bar No. 0159727
Brandon K. Breslow
  Florida Bar No. 0123755
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, FL 33601
(813) 229-1118
(813) 221-6750
JFelman@kmf-law.com
kyanes@kmf-law.com
bbreslow@kmf-law.com
*Counsel for Defendant Ryan Wannemacher*

## CERTIFICATE OF CONFERRAL

I certify that on March 11, 2022, undersigned counsel conferred with Assistant United States Attorney Tysen Duva and counsel for Zahn, A. Brian Albritton, about the relief sought in this motion.  AUSA Duva represented that the government does not oppose the continuance requested in this motion.  Counsel for Mr. Zahn represented that he does not object to the requested relief.

/s/ *James E. Felman*
James E. Felman

## CERTIFICATE OF SERVICE

I certify that on March 11, 2022, the foregoing notice was electronically filed with the Clerk of the Court using the Electronic Filing System, which will serve a copy on all counsel of record.

/s/ *James E. Felman*
James E. Felman