UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 3:22-cr-23-BJD-MCR

AARON ZAHN and RYAN
WANNEMACHER,

    Defendants.
_____/

### NON-PARTY NELSON MULLINS RILEY & SCARBOROUGH LLP'S MOTION TO QUASH IN PART DEFENDANT RYAN WANNEMACHER'S SUBPOENA *DUCES TECUM* OR, IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER

Non-Party Nelson Mullins Riley & Scarborough LLP ("Nelson Mullins"), pursuant to Rules 16(d)(1) and 17(c), Federal Rules of Criminal Procedure, moves this Court to quash in part Defendant Ryan Wannemacher's Subpoena *Duces Tecum* or, in the alternative, to enter a protective order preventing from disclosure a privileged legal memorandum that was prepared by Nelson Mullins in connection with ongoing litigation between its client, JEA, and defendant Aaron Zahn, and related correspondence. These documents are protected from disclosure pursuant to the work product privilege. But even if they weren't privileged, the withheld documents are not relevant to any issue in this case and are therefore beyond the

scope of Rule 17. For these reasons, the Subpoena should be quashed to the extent that it seeks the withheld documents or a protective order should be entered prohibiting the disclosure of the withheld documents in response to the Subpoena.

## BACKGROUND FACTS

### I.    Indictment – The Fraudulent Scheme

The Defendants were indicted for their alleged participation in a scheme to defraud JEA and the City of Jacksonville by creating a Performance Unit Plan ("PUP") that would have illegally paid hundreds of millions of dollars to JEA executives in the event of a sale of the utility. [D.E. 1 ¶¶ 15-17, 19] The Indictment alleges that Mr. Zahn and Mr. Wannemacher knew the true purpose of the PUP was to enrich themselves at the expense of JEA and the City but failed to disclose, and affirmatively misrepresented, material facts to JEA and the City in furtherance of their scheme. [D.E. 1 ¶ 19]

### II.   Mr. Wannemacher's Subpoena

On August 11, 2022, this Court granted Mr. Wannemacher's third motion for leave to serve pretrial subpoenas on the law firms of Smith Hulsey & Busey and Nelson Mullins, but stated that any "admissibility concerns" "could be addressed on a case-by-case basis." [D.E. 73 at 2] The Subpoena to Nelson Mullins seeks to compel the firm to produce "a schedule of documents, records, communications, or other items related to the firm's role in the SIC investigation,

2

including: (1) Nelson Mullins' policies regarding the collection, recording, or disclosure of *Garrity* statements; (2) communications between Nelson Mullins attorneys or employees and the "Prosecution Team"; and (3) communications by Mr. Nunn and Mr. Wedekind that repeat, paraphrase, or summarize Mr. Wannemacher's *Garrity* statement." [D.E. 70 at 5-6]

Counsel for Nelson Mullins and Mr. Wannemacher first conferred regarding the scope of the subpoena on September 13, 2022. On September 22, counsel for Nelson Mullins and Mr. Wannemacher participated in a second conferral in an effort to narrow the issues for the Court's consideration. During these conferrals, counsel for Nelson Mullins explained that it had no role in the SIC investigation but would agree to produce any non-privileged documents evidencing any communications with the prosecution team. On October 6, Nelson Mullins produced 17 pages of documents in response to the narrowed scope of the Subpoena.

Counsel for Nelson Mullins and Wannemacher conferred again following Nelson Mullins' production regarding the firm's withholding of privileged documents. Nelson Mullins then produced a privilege log identifying four documents withheld on the basis of privilege: a legal memorandum the firm prepared in connection with its pending litigation against defendant Aaron Zahn and three related emails. Nelson Mullins asserts these documents are not

3

discoverable because they are: (1) outside the scope of the Subpoena, but even if they were within the Subpoena's scope, the documents are (2) not related to or derived from any *Garrity* statements, and (3) absolutely protected from disclosure by the work product doctrine. Counsel for Wannemacher maintains the documents must be produced.

## LEGAL STANDARD

To be entitled to the issuance of the subpoena, Mr. Wannemacher must show: (1) the documents requested are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the requesting party *cannot properly prepare for trial without production and inspection of the documents in advance of trial* and failure to obtain the documents may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Gow*, No. 17-cr-16-FTM-29CM, 2018 WL 6618654, at *4 (M.D. Fla. Dec. 18, 2018) (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (emphasis added)). Mr. Wannemacher cannot (and has not) satisfied this burden.

A party seeking production must satisfy three requirements: (1) relevance; (2) admissibility; and (3) specificity. *Nixon*, 418 U.S. at 700. The burden of establishing these requirements lies with the party issuing the subpoena. *Gow*, 2018 WL 6618654, at *4-5. A subpoena that fails to satisfy these three requirements will

4

be deemed unreasonable or oppressive. *United States v. Libby*, 432 F. Supp.2d 26, 31 (D.D.C. 2006). Rule 17 is not a discovery device, but "merely an aid for obtaining relevant and evidentiary materials which the moving party plans to use at trial or in some other court proceeding." *United States v. Noriega*, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991). Discovery in criminal cases falls under Rule 16 of the Federal Rules of Criminal Procedure. Rule 17 neither expands nor supplants the limited discovery permitted under Rule 16. *See United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992). Further, "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

## ARGUMENT

I.  **The Subpoena seeks information that is irrelevant to the charges against Mr. Wannemacher.**

"Evidence is relevant if it has any tendency to make a fact more or less probable...." Fed. R. Evid. 401(a). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if...the fact is of consequence in determining the action." Fed. R. Evid. 401(b). Other than the communications that have already been produced by Nelson Mullins in response to the Subpoena, none of the withheld documents that are the subject of this motion have any perceivable relationship to the specific fraudulent scheme charged in the Indictment.

The requests in the Subpoena do not relate to any of the elements that the United States must prove at trial under 18 U.S.C. § 1347. Here, the Defendants are alleged to have defrauded JEA and the City by creating a benefit plan that would have reaped the utility's executives, public employees, millions of dollars in the event of a sale. The relevant facts include those related to the misrepresentations made by the Defendants in furtherance of their scheme, including misrepresentations and omissions to JEA's board about the scenario-based long-term strategic planning process and the PUP. None of the challenged documents are relevant to these issues.

Although counsel for Mr. Wannemacher has claimed that the Subpoena was not intended to capture documents relating to JEA's pending action with Mr. Zahn, the documents subject to this Motion are exactly that. The memorandum at issue was prepared by counsel for JEA in connection with its pending litigation against Mr. Zahn. Its subject matter does not relate to either the long-term strategic planning process or the PUP, the two subjects of the fraud alleged in the Indictment. The memorandum therefore is not relevant to this criminal proceeding and is beyond the reach of a subpoena issued under Rule 17. *See Nixon*, 418 U.S. at 700.

## II. The Subpoena seeks information that is not admissible.

"Rule 17(c) is not as broad as its plain language suggests … and it is more narrow in scope than the corollary rules of civil procedure, which permit broad discovery." *United States v. Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006). "Courts must be careful that [R]ule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980).

Rule 17(c) is not a general discovery device but is geared solely to the production of specifically identified, relevant and admissible evidence. *Nixon*, 418 U.S. at 700 ("moving party must show...that the application is made in good faith and is not intended as a general 'fishing expedition'"); *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) ("Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through . . . records in a futile effort to find a defense to a criminal charge.")

### a. The Subpoena seeks information that is absolutely privileged as opinion work product.

Privileged documents are inadmissible. This Court should quash the Subpoena to the extent that it seeks privileged documents protected by the work product doctrine. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring proper functioning of the criminal

7

justice system is even more vital."); *United Kingdom v. U.S.*, 238 F.3d 1312, 1321 (11th Cir. 2001) ("The [work-product doctrine] applies in criminal matters as it does in civil matters."); *Turner v. All State Insurance Company*, Nos. 2:13-CV-685-WKW, 2:15-CV-406-WKW, 2016 WL 7155751 (N.D. Ala. Dec. 7, 2016) (granting motion to quash a third-party subpoena as to documents that constitute work product).

The memorandum of law prepared by Nelson Mullins on behalf of JEA is absolutely privileged under the work product doctrine because it was prepared in preparation for trial. *See* Fed. R. Civ. P. 26(b)(3). More specifically, the memorandum constitutes opinion work product because it contains attorneys' mental impressions, conclusions, opinions, and theories concerning the litigation. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994), modified, 30 F.3d 1347 (11th Cir. 1994) ("Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as 'opinion work product.'"). Opinion work product is extended absolute or near-absolute protection from disclosure. *See* Fed. R. Civ. P. 26(b)(3)(B) ("If the court orders discovery of [fact work product] materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."); *DuPlan Corp.*

8

*v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir. 1974), *cert. denied*, 95 S. Ct. 1438 (1975).

The memorandum at issue here contains legal analysis of issues prepared by JEA's outside counsel for JEA's use in pending proceedings adverse to Mr. Zahn. Mr. Wannemacher does not challenge this point; rather, the position expressed by Mr. Wannemacher's counsel during the parties' conferrals is that the privilege has been waived by the memorandum's disclosure to the government.

### b. *JEA has not waived the work product privilege.*

As reflected in its privilege log, Nelson Mullins provided a copy of its memorandum to the government. Mr. Wannemacher claims this resulted in a waiver of its privilege claims. But where the government and a disclosing party share a common interest in pending litigation, the exchange of information between them does not result in a privilege waiver. *See Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466 (11th Cir. 1984). Applying the common interest doctrine to facts substantially similar to those presented here, the court determined the disclosure of work product to the government did not waive claims of work product privilege. *See Brown v. NCL (Bahamas), Ltd.*, 155 F.Supp.3d 1335 (S.D.Fla. 2015). In *Brown*, a cruise line turned over an alleged assailant's statement obtained in the cruise line's investigation of an alleged assault. *Id*. at 1337. The court's waiver analysis turned on "*to whom* the disclosure is made—

9

because the protection is designed to protect an attorneys' mental processes from discovery by *adverse* parties." *Id*. at 1339 (emphasis in original). The court reasoned that because the disclosing party—the cruise line—was not a potential target of the police's criminal investigation, its disclosure was made "in an effort to *cooperate* with law enforcement in an investigation of a third party (i.e., the passenger who allegedly attacked the plaintiff)." *Id*. at 1341 (emphasis in original). Because there was no adversarial relationship between the cruise line and the police and the disclosure was made without a self-centered motivation to enhance the cruise line's own potential exposure in the criminal investigation, the disclosure did not waive the work-product protection. *See id*.

Like in *Brown*, here JEA's work product privilege was not waived by the disclosure of this legal memorandum by its counsel to counsel for the government. The government and JEA are not (nor have ever been) adverse parties, as JEA was not and is not a target or subject of the government's investigation, indictment, and prosecution. The disclosure was made to cooperate with the government without any self-interested ulterior motive. For the same reasons explained in *Brown*, this disclosure did not result in a privilege waiver.

WHEREFORE, Nelson Mullins respectfully requests that this Court enter an order quashing in part the Subpoena to the extent it seeks privileged documents or information protected by the work product doctrine. In the alternative, Nelson

10

Mullins requests that this Court enter a protective order preventing the requested documents from being disclosed.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g) of the Local Rules for the Middle District of Florida, counsel for Nelson Mullins conferred with counsel for Mr. Wannemacher in an attempt to resolve the issues raised in this motion by telephone October 18, 2022. The parties were able to narrow the scope of the subpoena as described above. Mr. Wannemacher opposes the relief sought in this motion.

NELSON MULLINS RILEY &
SCARBOROUGH LLP


By:   /s/ Lee D. Wedekind, III

Florida Bar Number 670588
50 N. Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3652 (direct)
(904) 665-3699 (facsimile)
lee.wedekind@nelsonmullins.com
allison.abbott@nelsonmullins.com

Attorneys for Non-Party
Nelson Mullins Riley & Scarborough LLP

4875-2057-9642