# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                          CASE NO. 3:22-cr-23-BJD-MCR

AARON ZAHN

_____/

## ORDER

**THIS CAUSE** is before the Court on the Government's Notice of Potential Conflict as to Appellate Counsel for Defendant (Doc. 563; Notice) and Defendant's Response (Doc. 568).

In the Government's Notice, the Government states that Defendant's appellate counsel is married to an attorney with the United States Attorney's Office. The Model Rules for Professional Conduct suggest that when spouses are lawyers representing opposing party that clients should give their informed consent to proceed knowing the relationship between the lawyers, though disqualification is not imputed to members of the firms with which the lawyers are associated. Model R. Prof'l Conduct 1.7 cmt. [11]; accord Fla. R. Prof'l Conduct 4-1.7 cmt. ¶ 16. Florida further requires the clients to provide their consent in writing or to state their consent on the record at a hearing. Fla. R. Prof'l Conduct R. 4-1.7(d).

Defendant's appellate counsel's spouse no longer represents the Government, but in an abundance of caution the Government raises the issue

to the Court. Defendant's appellate counsel responded by noting there is no suggestion, much less evidence, that any confidential or privileged information has passed between spouses in this case. Defendant's appellate counsel also states that he has fully apprised Defendant of the potential conflict and the substance of the Government's Notice. Informed by his counsel's disclosure, Defendant wishes to pursue his appeal and post-trial matters with his current counsel.

As Defendant's appellate counsel argues, the rules regarding concurrent representation do not appear to apply since his spouse is no longer involved in this case and the Government does not seek his disqualification. While the Court could conceivably conjure instance where information could be passed in a manner that was unfair to either party, there is no suggestion that has occurred here. In light of Defendant's appellate counsel's representation to the Court that Defendant has been apprised and waived potential conflict, the Court does not find further inquiry is necessary. However, in an abundance of caution, the Court will direct Defendant himself file a notice that reflect counsel's representations to the Court or a separate document acknowledging that he understands the Government's Notice and that he waives any potential conflict.

Accordingly, it is **ORDERED**:

1. On or before **December 11, 2024**, Defendant shall file a notice that reflects counsel's representations to the Court or a separate document acknowledging that he understands the Government's Notice and waives any potential conflict.

2. On or before **December 18, 2024**, the Government may file a response, if it feels one is necessary, to Defendant's filing.

**DONE** and **ORDERED** in Jacksonville, Florida this _22nd_ day of November, 2024.

_____
BRIAN J. DAVIS
United States District Judge

Copies furnished to:

Counsel of Record